UNITED STATES of America,
Plaintiff—Appellee

v.

Tommy D. ALCORN, Defendant—
Appellant.

No. 10–10677
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 30, 2011.

Leigha Amy Simonton, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Kevin Joel Page, Federal Public Defender's Office, Dallas, TX, Sherylynn Ann Kime–Goodwin, Assistant Federal Public Defender, Federal Public Defender's Office, Lubbock, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Tommy D. Alcorn appeals the 24–month sentence he received after his supervised release was revoked. The sentence was the statutory maximum that Alcorn could receive and was within the Guidelines policy statement range of imprisonment that he faced. Alcorn argues that the district court procedurally erred when it sentenced him because the court's stated reasons for his sentence did not address Alcorn's non-frivolous reasons for imposing a sentence below the Guidelines policy statement range of imprisonment.

Because Alcorn objected only generally to the procedural reasonableness of the sentence, his sentence is reviewed for plain error. *See United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir.2009). To show plain error, Alcorn must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, ——, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009). Even if such a showing is made, this court has the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks and citation omitted). Because Alcorn does not argue that an adequate explanation by the district court would have changed his sentence, he has failed to show that the error, if any, affected his substantial rights. *See Mondragon–Santiago*, 564 F.3d at 365. Therefore, he has not shown plain error. *Id.*

AFFIRMED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.